Caleb MORGAN and Molly Heath, Plaintiffs,

v.

FINANCIAL PLANNING ADVISORS, INC., John A. Reilly, Individually and d/b/a Financial Benefit Consultants, and Helen Reilly, Robert S. Todd, Thomas Wheeler, Individually and d/b/a Thomas B. Wheeler Associates, Egil Stigum, Individually and d/b/a Egil Stigum & Associates and Massachusetts Mutual Life Insurance Company, Defendants.

FINANCIAL PLANNING ADVISORS, INC., John A. Reilly, Individually and d/b/a Financial Benefit Consultants and Helen Reilly, Third–Party Plaintiffs,

v.

Edward B. KALP, Richard G. Kayne, Robert S. Todd, and Thomas B. Wheeler, Third–Party Defendants.

Civ. A. No. 87–0255.

United States District Court, D. Massachusetts.

Nov. 22, 1988.

924

Thomas E. Peckham, David C. Casey, Barry M. Altman, Peckham, Lobel, Casey & Tye, Boston, Mass., for plaintiffs.

Gary R. Greenberg and Lawrence R. Kulig, Goldstein & Manello, Boston, Mass., for Financial Planning Advisors, Inc. and John A. Reilly, d/b/a Financial Benefit Consultants.

Michael J. Stone, Myles Hoisington, Posternak, Bnakstein and Lund, Boston, Mass., for Robert Todd.

Edward F. Rooney, Jr., Lyne, Woodworth & Evarts, Boston, Mass., for Thomas B. Wheeler.

Richard G. Kayne, Boston, Mass., pro se.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This is an action arising out of plaintiffs' purchase of rare coins and other investments. Pursuant to Fed.R.Civ.P. 12(b)(6), defendants Thomas Wheeler, Massachusetts Mutual, Robert Todd and Egil Stigum all request that the Court dismiss plaintiffs' first amended complaint. As plaintiffs' claims against Wheeler, Massachusetts Mutual, Todd and Stigum are identical, the Court will address these motions collectively.

Plaintiffs Caleb Morgan and his mother Molly Heath entered into investment advis-

ory agreements with John Reilly, d/b/a Financial Benefit Consultants to manage funds of $400,000 and $600,000 respectively. Both plaintiffs informed Reilly of their conservative investment objectives stressing income and preservation of capital.

On or about July 13, 1984, Mr. Reilly advised plaintiffs to invest a substantial portion of their funds in rare coins through Rare Coin Galleries of America, Inc. (RCGA). Mr. Reilly told the plaintiffs that his investigation revealed RCGA to be a leading and reputable coin dealer and that rare coins were a safe and prudent investment; RCGA guaranteed in writing a 20% annual return on its coins.

Although Reilly failed to have plaintiffs' coins independently appraised either prior to or after their purchase, Reilly represented in an analysis of plaintiffs' finances that the coins were worth markedly more than their purchase price.

On September 16, 1986, the FTC sued RCGA of Florida alleging RCGA defrauded investors nationwide of 28 million dollars by misrepresenting the grade and value of their coins. Consequently, shortly thereafter plaintiffs had the coins they purchased independently appraised and were advised that their coin portfolio was essentially worthless.

Defendants Wheeler, Stigum, Todd and Massachusetts Mutual are associated with RCGA, Financial Planning Advisors, Reilly and the plaintiffs as follows. Todd a licensed Massachusetts Mutual agent, was hired by Wheeler in 1982 as the equity coordinator for Thomas Wheeler Associates, a Boston agency of Massachusetts Mutual. Todd was authorized by Wheeler to investigate and recommend investment products to be sold through Massachusetts Mutual agents at Thomas Wheeler Associates and its district office, Financial Benefit Consultants.

In 1982, John Reilly was hired by Wheeler to work at Financial Benefit Consultants to help develop a financial planning capability for Thomas Wheeler Associates as a marketing strategy for Massachusetts Mutual products. Todd investigated RCGA and recommended to Wheeler that Massa-

chusetts Mutual agents sell rare coins purchased through RCGA as investment options. Todd, Wheeler and the Massachusetts Mutual agent responsible for a rare coin sale would split the resulting commission. Upon Wheeler's approval, agents actively promoted the RCGA coins.

In the spring of 1983, Thomas Wheeler resigned from Wheeler and Associates to accept a position with the Massachusetts Mutual home office. At that time, Stigum replaced Wheeler as a Massachusetts Mutual general agent and changed the offices names to Egil Stigum and Associates. Stigum retained Todd as equity coordinator and continued the general agency's relationship with RCGA. In October 1984, Reilly resigned from Stigum Associates and incorporated as Financial Planning Advisors, Inc. Although no longer a career agent, Reilly d/b/a Financial Planning Advisors, remains a broker agent for Massachusetts Mutual.

Reilly, as a Massachusetts Mutual agent, advised plaintiffs to invest in rare coins purchased from RCGA. Although never disclosed to the plaintiffs, Reilly, Todd, Wheeler and Stigum all received a commission from RCGA on plaintiffs' investments in rare coins.

As several defendants have raised the statute of limitations as a defense to plaintiffs' claims, I'll address that issue first.

Plaintiffs purchased their coins on or around July 13, 1984. The plaintiffs represent that when they learned of the FTC's suit against RCGA on September 16, 1986, they immediately thereafter arranged for an appraisal of their coin portfolios. Informed that their coins were worthless, plaintiffs filed their initial complaint on January 30, 1987. On December 22, 1987, plaintiffs amended their complaint to add Wheeler, Massachusetts Mutual, Robert Todd and Egil Stigum as parties to the alleged fraud.

 Defendants argue that as the initial complaint was filed more than two years after the coin purchases, certain claims are barred. A federal claim alleging securities fraud does not accrue until the plaintiff, in the exercise of reasonable diligence, discovered or should have discover-

ed the alleged fraud. *General Builders Supply Co. v. River Hill Coal Venture*, 796 F.2d 8 (1st Cir.1986). The analogous Massachusetts discovery rule applies to plaintiffs' fraud and deceit, negligent misrepresentation, Massachusetts Blue Sky law and negligence claims. For purposes of this motion, the plaintiffs comply with the discovery rule by demonstrating their justifiable reliance on defendants' alleged misrepresentations and subsequent diligent efforts upon discovering defendants' possible fraud. *See Kennedy v. Josephthal & Co.*, 814 F.2d 798 (1st Cir.1987).

Defendant Massachusetts Mutual also argues that claims against them cannot relate back to the original complaint as there was neither misnomer nor mistake as to their identity when the initial complaint was filed. As plaintiffs' pleadings satisfy the dictates of Fed.R.Civ.P. 12(b)(6), vis a vis the discovery rule, the Court need not address that element of the statute of limitations defense.

FRAUD IN THE SALE OF SECURITIES

Count I—Securites Act of 1933, 15 U.S.C. § 77b

Count III—Securities Act of 1934, 15 U.S. C. § 78c

Count XVII—Blue Sky Laws Massachusetts General Laws, c. 110A, § 410(a)(1)

■ As Massachusetts looks to federal case law when defining securities, the Court can address these counts together.

The defendants argue that rare coin purchases do not qualify as investment contracts and therefore do not fall within the purview of securities law. In determining whether this purchase of rare coins constitutes an investment contract, the Court looks to the three-prong test in *S.E.C. v. W.J. Howey & Co.*, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). In *Howey*, the Supreme Court defined an investment contract as (1) an investment (2) in a common enterprise (3) anticipating profits derived from the managerial efforts of the promoter or a third party. *Id.* at 298–99, 66 S.Ct. at 1102–03.

As with most of the case law in this area, the question is whether the sale of rare coins involves a common venture. Courts are split in their approach to this issue, adopting either a theory of horizontal commonality or the vertical commonality approach. Common enterprise is established in horizontal commonality where a number of investors have pooled their investments and each participant's financial success is intertwined with the other. Vertical commonality requires an economic link between the investor and the promoter.

While the First Circuit has not addressed the issue, my colleagues in this district have adopted a strict view of the *vertical* commonality approach. *See Gaudette v. Panos*, 644 F.Supp. 826, 833–34 (D.Mass. 1986). Their definition of common enterprise is where the fortunes of the investor and the promoter are interwoven. Under this view, "the person seeking the investment, or the third party who is providing the entrepreneurial skill, must share in both profits and losses with the investor." *Copeland v. Hill*, 680 F.Supp. 466, 468 (D.Mass.1988). *See also Kaufman v. Magid*, 539 F.Supp. 1088 (D.Mass.1982).

There is no indication that the parties to this motion, Wheeler, Massachusetts Mutual, Todd and Stigum, shared with the plaintiffs in both the loss and profits associated with the ownership of these coins. Therefore, plaintiffs' securities laws claims are not viable.

FRAUD and DECEIT

Count IX

Defendants argue that none of plaintiffs' allegations of fraud are pleaded with the particularity required by Fed.R.Civ.P. 9.

Under Massachusetts law, plaintiffs must show that the defendants knowingly made false representations of material facts upon which plaintiffs relied in acting to their detriment. *See Barrett Associates, Inc. v. Aronson*, 346 Mass. 150, 190 N.E.2d 867 (1963). Rule 9 requires specification of time, place and content of representations or acts constituting fraud to provide the defendant with notice of the grounds forming the basis of plaintiffs' claim. *See McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir. 1980).

■ The fact that plaintiffs were unaware of the commissions associated with

their purchase of RCGA's coins does not, in and of itself, establish fraud.. Further, fraud cannot be imputed to these defendants grounded on Reilly's representations "that coins were a safe and prudent investment" and that "a due diligence search revealed that RCGA was a leading and reputable coin dealer." Plaintiff's Amended Complaint, p. 4, ¶ 17.

■ Plaintiffs argue that they need not plead the substance of these defendants alleged misrepresentations or their knowledge regarding the worthless coins as such particulars are in defendants' exclusive control. However, the requirement that supporting facts be pled "applies even when the fraud relates to matters peculiarly within the knowledge of the opposing party." *Wayne Investment, Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 14 (1st Cir.1984). Plaintiffs' claims of common law fraud and deceit against Wheeler, Massachusetts Mutual, Todd and Stigum fail without any specific factual basis to support them.

## NEGLIGENT MISREPRESENTATION
Count XII

■ Defendants argue that any representations regarding the soundness of coins as an investment or RCGA as an institution constitute "sellers talk" or "opinion" and therefore cannot serve as the bases for their liability for negligent misrepresentation. Defendants also contend that, as with fraud, plaintiffs must particularize their allegations against each of these defendants in accordance with Fed.R. Civ.P. 9. Stigum and Todd fortify their defense by adding the statute of frauds as a grounds for dismissing Count Twelve.

First, the defendants' invocation of the statute of frauds fails as it is inapplicable in this factual situation. The Statute of Frauds defense to unwritten misrepresentations is limited to statements made "to induce the plaintiff to extend credit to a third person." *Barrett Associates, Inc. v. Aronson*, 346 Mass. 150, 153–54, 190 N.E. 2d 867 (1963).)

Under Massachusetts law, "statements of opinion, of conditions to exist in the future, or of matters promissory in nature"

are not actionable. *Pepsi Cola Metropolitan Bottling Co. v. Pleasure Island, Inc.*, 345 F.2d 617, 622 (1st Cir.1965). Statements representing that a diligent search of RCGA was made which revealed the company's reputable credentials cannot be characterized as "a mere prediction" nor a representation "whose truth could not be ascertained when made." *Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc.*, 764 F.2d 928 (1st Cir.1985). The plaintiffs, however, fail to show, or even plead, that such statements were untrue at the time they were made. Further, plaintiffs neglect to attach such statements to these defendants in any substantive fashion. Consequently, Count XII is also unsuccessful.

## FRAUD or DECEIT IN SALE OF PERSONAL PROPERTY
Massachusetts General Laws c. 231, § 85J

Count XIX

■ Defendants contend that this count must fail as § 85J applies only to *sellers* of property. I agree. "Brokers and investment advisors [are] not liable under § 85J because they sell services, not personal property." *Abelson v. Strong*, 644 F.Supp. 524 (D.Mass.1986).

## NEGLIGENCE
Count 23 against Todd

Count 24 against Wheeler

Count 25 against Stigum

Count 26 against Massachusetts Mutual

■ These defendants all contend that plaintiffs cannot recover under common law negligence as defendants did not owe any duty to plaintiffs and were not the proximate cause of their alleged harm. More significantly, defendants argue that plaintiffs cannot recover in tort for purely economic loss.

Plaintiffs' counts in straight negligence allege defendants' failure to exercise reasonable care in their investigation of rare coins and RCGA. Plaintiffs also add a claim against Massachusetts Mutual for negligent supervision of its agents.

Although the general principle against liability for financial harm due to negli-

gence has several exceptions, at present, plaintiff's allegations in pure negligence are not so acknowledged. *See Barber Lines A/S v. M/V Donau Maru,* 764 F.2d 50, 56 (1st Cir.1985). While noting *Barber Lines* special treatment of economic harm caused by negligent misrepresentation, I again mention plaintiffs' improper pleading of that claim.

For the foregoing reasons, it is ordered that all counts against these defendants be dismissed with leave to make a motion to plead with greater particularity Counts 9 and 12 in fraud and misrepresentation respectively within 30 days.