**Howard A. RHONE, Jr., Plaintiff,**

v.

**ENERGY NORTH, INC., Kenneth Black and Donald Schroeder, Defendants.**

**Civ. A. No. 91–11996–Y.**

United States District Court,
D. Massachusetts.

Dec. 27, 1991.

---

Michael P. Murphy, Robert E. Weiner, Law Offices of Robert E. Weiner, Boston, Mass., for Howard R. Rhone, Jr.

Sandra Sue McQuay, Kenneth J. Goldberg, Goodwin, Proctor & Hoar, Boston, Mass., for Energy North, Inc.

Myles Jacobson, Office of Myles Jacobson, New York City, for Kenneth Black and Donald Schroeder.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

### I. BACKGROUND

Howard Rhone ("Rhone") brings this action against Energy North, Inc. ("Energy"), a Massachusetts corporation, and Kenneth Black and Donald Schroeder, corporate officers of Energy. Rhone's action alleges breach of contract (Count I), unfair and deceptive practices in violation of Mass.Gen.L. ch. 93A, § 11 (1988) (Count II), deceit and fraud (Count III), and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68 (1988) ("RICO") (Count IV).

The defendants move to dismiss Counts III and IV under Fed.R.Civ.P. 9(b) and Fed.R.Civ.P. 12(b)(6) as against all defendants. They also move to dismiss Count II as against Black and Schroeder, under Rule 12(b)(6). Rhone opposes these motions to dismiss, and requests leave to amend his Complaint if the Court determines that the complaint is inadequate.

## II. THE BASIC FACTS AND ALLEGATIONS

Rhone operates a gasoline retail service station in Natick, Massachusetts. In September 1987, Rhone and Energy entered into a Dealer's Agreement ("the contract") providing that Energy would supply gasoline to Rhone's station. Energy supplied gasoline to Rhone from that date until August 1990.

Rhone makes the following factual allegations, which are assumed to be true for the purposes of considering these motions to dismiss:

Count I: Rhone alleges that the contract specified that Energy would provide Citgo gasoline at rack price plus the cost of transportation. He further alleges that Energy breached the contract by charging prices well in excess of the rack price and transportation charges, and that this resulted in decreased sales, decreased profits, lost business goodwill, and a decline in the value of his business.

Count II: Rhone alleges that Energy, Black, and Schroeder knowingly and willfully engaged in unfair and deceptive trade practices prohibited by Mass. Gen.L. ch. 93A, including, but not limited to systematic overcharging, concealment and denial of overcharging, substitution of unbranded or other branded gasoline, and concealment and failure to disclose these substitutions.

Count III: Rhone alleges that, in entering into the agreement, he relied upon Energy's false and fraudulent representation that he would be charged rack price plus transportation costs for the gasoline delivered. He further alleges that after the contract was executed, Energy, Black, and Schroeder continued to engage in fraudulent and deceitful conduct including, but not limited to, the activities detailed in Count II.

Count IV: Rhone alleges that Energy, Black, and Schroeder are persons involved in an enterprise affecting interstate commerce (the sale and distribution of gasoline) and that they participated in the conduct of the enterprise's affairs, including all of the fraudulent activities alleged in Counts II and III. Rhone further alleges that Energy, Black, and Schroeder, by mailing "numerous ... fraudulent invoices over an extended period of time," used the mails to implement and collect the proceeds of the fraudulent scheme, in violation of 18 U.S.C. §§ 1341 and 1343.

## III. COUNT IV (RICO)

### A. *The Motions to Dismiss Count IV (RICO) for Failure to State a Claim*

In evaluating a Rule 12(b)(6) motion to dismiss, this Court's obligation is to "give the complaint a highly deferential reading, accepting the well-pleaded facts therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 37 (1st Cir.1991) (citations omitted).

Count IV of Rhone's Complaint does not specify the subsection of section 1962 under which it is brought. In his Memorandum in Opposition to the Motion to Dismiss, however, Rhone asserts that Count IV alleges RICO claims against Energy under 18 U.S.C. § 1962(a) and against Black and Schroeder under 18 U.S.C. § 1962(c). The Court must apply the deferential standard explained above, in order to determine whether Rhone's Count IV states a claim under either section.

#### 1. The Section 1962(a) Claim Against Energy

Energy argues that Rhone's complaint fails to state a claim under section 1962(a) because the complaint fails to allege that plaintiff was injured by the "use or investment of income derived from racketeering."[1] Rhone contends that to state a claim under Section 1962(a), he need only

---

1. Section 1962(a) provides:

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

allege an injury caused by the defendants' predicate acts of racketeering. Simply put, Energy advances and Rhone rejects the so-called "investment use rule" which requires that, in order to state a claim under section 1962(a), a plaintiff must allege a specific injury flowing from the investment and use of racketeering proceeds.

The circuit courts are divided regarding the applicability of the "investment use rule" to section 1962(a).[2] The First Circuit has not ruled expressly on the issue. However, in *Schofield v. First Commodity Corp.*, 793 F.2d 28 (1st Cir.1986), the First Circuit suggested its support for applying the rule to section 1962(a) claims.[3] Furthermore, three district court decisions from the First Circuit explicitly support application of the investment use rule. *Eastern Corp. Fed. Credit Union v. Peat, Marwick, Mitchell & Co.*, 639 F.Supp. 1532, 1537 (D.Mass.1986); *McIntyre v. Okurowski*, 717 F.Supp. 10, 13 n. 5 (D.Mass.1989); *Rodriguez v. Banco Cent.*, 727 F.Supp. 759, 771 (D.P.R.1989), *aff'd in relevant part* 917 F.2d 664 (1st Cir.1990).

This Court holds that the investment use rule does apply to section 1962(a) claims. Judge Tauro reasons persuasively in *Eastern Corp. Fed. Credit Union* that the statutory language of section 1962(a) requires the plaintiff to allege an injury caused by the use or investment of racketeering income:

> [T]his court rules that [section] 1962(a) provides a cause of action only for injuries arising from the actual use or investment of racketeering income, and not for injuries arising from the underlying racketeering activity.

Focusing on the operative verbs, [section] 1962(a) makes it unlawful for a person to "use or invest" income derived through racketeering activity in the acquisition of an interest in an enterprise. The gravamen of the offense under [section] 1962(a) is not the racketeering activity itself, but the subsequent use and investment of the proceeds. Unlike [section] 1962(c), a pattern of racketeering activity alone does not establish an offense. 18 U.S.C. § 1964(c) provides a private right of action to persons injured "by reason of a violation of section 1962." To state a claim … for violation of [section] 1962(a), a plaintiff must allege that he or she "was injured by the violation there defined," which is the use or investment of income derived from racketeering.

*Eastern Corp. Fed. Credit Union*, 639 F.Supp. at 1537 (citation omitted).

Rhone, relying on *Busby*, 896 F.2d at 837–40, makes three arguments against this interpretation of section 1962(a). First, he argues that the statutory language should be construed more broadly because of Congress' explicit intent that RICO be liberally interpreted. Second, Rhone contends that the Supreme Court's broad construction of section 1962(c) in *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), supports a liberal construction of section 1962(a) and also supports rejecting the investment use rule. Third, Rhone argues

---

**2.** The Fourth Circuit, in *Busby v. Crown Supply, Inc.*, 896 F.2d 833, 837 (4th Cir.1990), rejected the application of the "investment use rule" to section 1962(a) claims. The Second, Third, Sixth, and Tenth Circuits, however, have applied the "investment use rule" to section 1962(a) claims. *See Ouaknine v. MacFarlane*, 897 F.2d 75, 82–83 (2d Cir.1990); *Rose v. Bartle*, 871 F.2d 331, 357–58 (3d Cir.1989); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 494 (6th Cir.1990); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1149 (10th Cir.), *cert. denied*, 493 U.S. 820, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989).

**3.** In *Schofield*, the First Circuit ruled that, in a section 1962(c) claim, the complaint must allege an enterprise that is separate and distinct from the individuals, in order to be held liable for conducting that enterprise through a pattern of racketeering activity. In response to the argument that such a ruling would result in shielding corporations from all RICO liability, the court stated that corporations would still be liable under section 1962(a). It qualified this statement, however, by noting that not all corporate wrongdoing would be covered by section 1962(a): "[s]ubsection (a) requires a showing of the source of income and proof that funds were channeled into the corporation. *It also covers only wrongdoing involving money.*" *Id.* at 31 n. 2 (emphasis added). The court's statement that section 1962(a) "covers only wrongdoing involving money" suggests that it accepts the applicability of the investment use rule.

that applying the investment use rule to section 1962(a) claims insulates corporations from almost any liability under RICO because it is so difficult to prove that a corporation's invested income from racketeering caused the alleged injury. This Court addresses these three points sequentially. First, the Court acknowledges the explicit Congressional policy that RICO be liberally interpreted. Nevertheless, such a policy does not justify violating the explicit statutory language, which this Court reads as limiting recovery under section 1962(a) to include only injury caused by the investment or use of racketeering income in an enterprise. *See Ouaknine,* 897 F.2d at 83.

Second, this Court does not read the Supreme Court's decision in *Sedima,* 473 U.S. at 496, 105 S.Ct. at 3285, as supporting a broad interpretation of the injury requirement under section 1962(a). In that case, the Supreme Court held that "the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Id.* This Court agrees with Judge Fuste's interpretation of that language in *Rodriguez,* 727 F.Supp. at 771: this statement supports interpreting section 1962(a) as requiring an injury by reason of the investment or use of racketeering income.

Third, while adopting the investment use rule may insulate some corporate wrongdoing from RICO liability, this concern does not justify abrogation of the explicit statutory language. As the First Circuit has stated: "[I]f neither section 1962(a) nor section 1962(c) cover all methods of corporate wrongdoing, it is up to Congress, and not the courts, to expand the scope of the statute." *Schofield,* 793 F.2d at 31 n. 2.

In conclusion, to state a claim under section 1962(a), a plaintiff must allege an injury by reason of the investment or use of income derived from racketeering activity. Rhone admits that he has made no such

allegation. Therefore, the motion to dismiss Rhone's Count IV RICO claim against Energy for failure to state a claim upon which relief can be granted is ALLOWED.[4]

### 2. The Section 1962(c) Claim Against Black and Schroeder

■ The individual defendants contend that Rhone's complaint fails to state a claim under section 1962(c) because the "persons" whom the Complaint seeks to hold liable are not separate and distinct from the "enterprise" identified in the complaint as required by the First Circuit in *Schofield,* 793 F.2d at 30.[5] *Odishelidze v. Aetna Life & Casualty Co.,* 853 F.2d 21 (1st Cir.1988); *Van Schaick v. Church of Scientology, Inc.,* 535 F.Supp. 1125, 1136 (D.Mass.1982). In *Odishelidze,* the plaintiff's Complaint characterized Aetna, its subsidiaries, its corporate officers, and some of its employees as the enterprise, and also identified these same entities and individuals as the "persons" who conducted the enterprise's affairs through a pattern of racketeering activity. The First Circuit held that the Complaint failed to distinguish the "person" from the "enterprise" and dismissed the plaintiff's section 1962(c) claim. *Odishelidze,* 853 F.2d at 23. In sum, if a corporation is identified as the enterprise in a section 1962(c) claim, that corporation cannot also be the defendant (*i.e.,* the "person" alleged to have conducted the enterprise's affairs through a pattern of racketeering activity). *Schofield,* 793 F.2d at 30.

■ Rhone contends that his Complaint does distinguish the enterprise from the persons to be held liable. He states that his RICO claim against Energy is brought under section 1962(a) and he admits that Energy cannot be a defendant under his section 1962(c) claim. Rhone further argues that the Complaint identifies Energy as the enterprise and Black and Schroeder,

---

**4.** The Court grants this motion to dismiss without prejudice. Rhone may move for leave to file an amended complaint.

**5.** Section 1962(c) states: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."

its officers, as the persons who conducted the affairs of the Energy enterprise through a pattern of racketeering activity.

The Court's deferential reading of the Complaint does *not* support Rhone's reading. The Complaint clearly fails to identify the enterprise and does not distinguish between the enterprise and the persons to be held liable.[6] Nowhere does the Complaint state, as Rhone contends, that Energy itself is the enterprise. Furthermore, contrary to Rhone's contention, Energy, Black, and Schroeder are identified in the same paragraphs as the persons conducting the enterprise's affairs through a pattern of racketeering activity.

Therefore, Count IV fails to state a claim against any of the defendants under section 1962(c). The motion to dismiss Rhone's Count IV RICO claim against Black and Schroeder for failure to state a claim is ALLOWED.[7]

### B. *The Motion to Dismiss Count IV for Lack of Particularity*

■ Because this Court has granted the defendants' Rule 12(b)(6) motions to dismiss Count IV without prejudice, Rhone may move for leave to file an amended complaint in order to correct these pleading deficiencies. It is appropriate, therefore, in light of Fed.R.Civ.P. 9(b), to address more fully the pleading deficiencies in Rhone's Complaint.

Citing *New England Data Serv., Inc. v. Becher,* 829 F.2d 286, 290 (1st Cir.1987), the defendants move to dismiss Count IV for failure to plead the RICO claim with particularity. They argue that Rhone's failure to state with particularity the time, place, and consequence of the allegedly fraudulent mail communications constitutes a violation of Rule 9(b). Furthermore, they assert that Rhone's failure to state with particularity the acts of mail fraud committed by each defendant also violates Rule 9(b).

In Rhone's Complaint, the specific predicate acts which allegedly constitute the defendants' pattern of racketeering activity are acts of mail fraud, specifically the mailing of fraudulent invoices from Energy to Rhone. Rhone acknowledges that his Complaint neither states specifically the time, place, nor content of particular invoices mailed to him by the defendants,[8] nor specifies the acts committed by each defendant with respect to the mailing of these allegedly fraudulent invoices. Nevertheless, citing a Seventh Circuit decision, *Haroco, Inc. v. Am. Nat'l Bank and Trust Co.,* 747 F.2d 384 (7th Cir.1984), *aff'd,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985), Rhone argues that he has met the particularity requirement by specifying the nature of the fraud (numerous and systematic overcharges on the price of gasoline), the time (throughout the three-year contract period), and the manner and place of the fraud

---

**6.** Paragraph 20 of the Complaint identifies Energy, Black, and Schroeder as the "persons" to be held liable. Paragraph 21 states that "the defendants were involved in an enterprise [affecting] interstate ... commerce," namely the sale and distribution of gasoline and petroleum products. Paragraph 22 states that "Energy, Black, and Schroeder participated in the conduct of the enterprise's affairs, including, but not limited to the misrepresentation made regarding the price of the product to be charged, the fraudulent overcharging, the concealment and denial of the overcharging, the substitution of unbranded gasoline for the represented Citgo brand and the misrepresentations of octane levels." Paragraph 23 states that "the defendants used the mails to implement and collect the proceeds of the fraudulent scheme, in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1343." Paragraph 24 states that "the participation of each of the defendants in the enterprise constituted a pattern of racketeering activity, including but not limit-

ed to numerous mailings of fraudulent invoices over an extended period of time, which pattern of racketeering activity resulted in injury to the plaintiff's business and property."

**7.** Again, the Court notes that this motion is granted without prejudice. Rhone may move for leave to file an amended complaint.

**8.** Paragraph 23 of the complaint states that "The defendants used the mails to implement and collect the proceeds of the fraudulent scheme, in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1343."

Paragraph 24 states that "The participation of each of the defendants in the enterprise constituted a pattern of racketeering activity, including, but not limited to numerous mailings of fraudulent invoices over an extended period of time, which pattern of racketeering activity resulted in injury to the plaintiff's business and property."

(fraudulent invoices sent by the defendants to Rhone through the mail).

The decision in *New England Data Serv., Inc.* indicates, however, that Rhone is wrong as matter of law, at least in the First Circuit. The particularity requirement, according to the First Circuit, requires that "in RICO [cases], the plaintiff must go beyond a showing of fraud and state the time, place and content of the alleged mail and wire communication perpetrating that fraud." *New England Data Serv., Inc.*, 829 F.2d at 291; *see also, Fleet Credit Corp. v. Sion*, 893 F.2d 441, 444–45 (1st Cir.1990). Since Rhone's Complaint fails to meet the Rule 9(b) particularity requirement, the motion to dismiss Count IV is ALLOWED, again without prejudice.

### C. *The Requirement of a Pattern of Racketeering Activity*

■ The defendants contend that this Court should dismiss Count IV, pursuant to Rule 12(b)(6), because the Complaint does not adequately plead a pattern of racketeering activity. The two major First Circuit decisions regarding pleading a pattern of racketeering activity, *Fleet Credit Corp. v. Sion* and *Feinstein v. Resolution Trust Corp.*, support the defendants' contention: "For there to be a pattern, a plaintiff must demonstrate not only the existence of two or more predicate acts, but also that they are related and pose at least a threat of continued criminal activity." *Feinstein*, 942 F.2d at 44; *see also Sion*, 893 F.2d at 444.

Rhone's complaint alleges the mailing of "numerous" fraudulent invoices. These allegedly fraudulent invoices certainly meet the relatedness requirement because they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Sion*, 893 F.2d at 445 (quoting *H.J. Inc. v. N.W. Bell Tel. Co.*, 492 U.S. 229, 240, 109 S.Ct. 2893, 2901, 106 L.Ed.2d 195 [1989]).

This leaves only the question of whether the Complaint's pleading of a pattern of racketeering activity meets the continuity requirement. This requirement can be met by showing that the related predicates either "amount to" or "pose a threat of" continued criminal activity. *H.J. Inc.*, 492 U.S. at 239, 109 S.Ct. at 2900; *Sion*, 893 F.2d at 446. Rhone's Complaint fails to meet the continuity requirement under either approach.

■ With respect to the "amount to" test, the First Circuit has stated that "a plaintiff who alleges a high number of related predicate acts committed over a substantial period of time establishes that those acts amount to continued criminal activity." *Sion*, 893 F.2d at 446. Thus, in *Sion*, in which the plaintiff alleged that ninety-five fraudulent mailings were mailed over a four and a half year period, the First Circuit concluded that the plaintiff's allegations were sufficient to establish continuity. However, Rhone's Complaint does not state even an approximate number of fraudulent invoices, nor does it specify a time period during which these invoices were mailed. While the Complaint alleges that the defendants' fraudulent conduct extended over almost three years, it only states that the defendants mailed numerous fraudulent invoices to Rhone "over an extended period of time." Therefore, Rhone fails to allege "a series of related predicates extending over a substantial period of time." *H.J. Inc.*, 492 U.S. at 242, 109 S.Ct. at 2902.

■ Rhone's Complaint also fails to satisfy the "pose a threat" approach to the continuity requirement. In order to satisfy this test, a plaintiff must show that "the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future [or] ... are part of an ongoing entity's regular way of doing business." *Id.* Rhone has ceased doing business with Energy and has not alleged that Energy's fraudulent conduct towards Rhone is part of its regular way of doing business.

Therefore, the defendants' Rule 12(b)(6) motion to dismiss Count IV on the ground that it fails adequately to allege a pattern

of racketeering activity is ALLOWED, also without prejudice.

## IV. COUNT III (FRAUD AND DECEIT)

■■■ The defendants move to dismiss the Count III claim of fraud and deceit, on the grounds that it fails to satisfy the particularity requirement. It is well-established in the First Circuit that, in fraud cases, Rule 9(b) requires a plaintiff to specify the time, place, and content of an alleged misrepresentation, "but not the circumstances or evidence from which fraudulent intent could be inferred." *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir.1980). If the complaint involves multiple defendants, then "each defendant's role must be particularized with respect to their alleged involvement in the fraud." *Kuney Int'l S.A. v. DiIanni*, 746 F.Supp. 234, 237 (D.Mass.1990) (citing *Wayne Inv. v. Gulf Oil Corp.*, 739 F.2d 11, 14 [1st Cir.1984]).

### A. *Motion to Dismiss Count III as Against Black and Schroeder for Lack of Particularity*

■■■ Rhone's fraud allegations in Count III fail to meet the particularity requirement with respect to Black and Schroeder. The Complaint alleges that Energy made a false representation regarding its gasoline prices when Rhone and Energy agreed on the gasoline supply contract, but it makes no allegation regarding any involvement of Black or Schroeder in this alleged misrepresentation. The Complaint generally alleges that after the contract was executed, Energy, Black, and Schroeder continued to engage in fraudulent and deceitful conduct, including, but not limited to the systematic overcharging of Rhone for gasoline; concealment and denial of the overcharging; substitution of unbranded or other branded gasoline for the represented Citgo gasoline;

and concealment of and failure to disclose these substitutions.

However, the Complaint fails to make any allegations with particularity regarding the role of these individual defendants, what each individual fraudulently and falsely stated, or when or where such statements were made. Therefore, the motion to dismiss the Count III fraud claim as against Black and Schroeder is ALLOWED without prejudice.

### B. *Motion to Dismiss Count III as Against Energy for lack of particularity*

■■■ The Complaint fails to plead with particularity its allegations against Energy regarding fraudulent and deceitful conduct *subsequent* to the execution of the contract. It states no specific misrepresentations and provides no dates or places. However, the Complaint does allege at least one false and fraudulent misrepresentation by Energy: the allegedly false and fraudulent price provision in the contract. For this alleged misrepresentation, the plaintiff has pleaded the required time, circumstances, and content.

Energy contends, however, that even this single fraud allegation does not satisfy the particularity requirement because Rule 9(b) requires that the complaint also identify some factual basis for believing that Energy knew this representation was false. This contention contradicts the First Circuit's interpretation of Rule 9(b): the Rule does *not* require specifying the circumstances or evidence from which fraudulent intent can be inferred. *See McGinty*, 633 F.2d at 228; *see also New England Data Serv., Inc.*, 829 F.2d at 289.[9] Therefore, Rhone satisfies Rule 9(b) at least with respect to his allegation that Energy committed a fraudulent misrepresentation concerning the price provision in the gasoline supply contract.

---

**9.** In support of its contention, Energy cites *Morgan v. Fin. Planning Advisors*, 701 F.Supp. 923, 926–27 (D.Mass.1988). In *Morgan*, Judge McNaught dismissed the plaintiffs' complaint for failing to plead their common law fraud claims with particularity. However, *Morgan* is distinguishable from this case. In *Morgan*, the plaintiffs not only failed to plead any factual basis for believing that the defendants knew their representations were false, but they also failed to plead the substance of the alleged misrepresentations. In contrast, Rhone's Complaint pleads the substance of the alleged misrepresentation in the contract.

The motion to dismiss the Count III fraud claim against Energy for failing to satisfy Rule 9(b) is DENIED IN PART and ALLOWED IN PART. The Court denies the motion to dismiss with respect to the contract misrepresentation. The Court grants the motion to dismiss with respect to Rhone's allegations of Energy's fraudulent and deceitful conduct subsequent to the execution of the contract.

## V. MOTION TO DISMISS COUNT II (93A) AS TO BLACK AND SCHROEDER

Black and Schroeder have moved to dismiss Count II under Fed.R.Civ.P. 12(b)(6). In Count II, Rhone claims that the conduct of Energy, Black, and Schroeder violated Mass.Gen.L. ch. 93A, § 11. To support this contention, the complaint makes the following allegations:

(1) Black and Schroeder were officers of Energy at all relevant times;

(2) at all relevant times, Black and Schroeder were involved in commerce and trade as defined in Mass.Gen.L. ch. 93A, § 1; and

(3) Black and Schroeder, as well as Energy, knowingly and willfully engaged in unfair and deceptive practices prohibited by Mass.Gen.L. ch. 93A, including but not limited to the systematic overcharging of Rhone for gasoline; concealment and denial of the overcharging; substitution of unbranded or other branded gasoline for the represented Citgo gasoline; and concealment of and failure to disclose these substitutions.

The individual defendants contend that these allegations are insufficient to state a claim under Chapter 93A. They correctly note that merely identifying a defendant as an "officer" does not adequately allege his involvement in the torts of the corporation. *See Lahr v. Adell Chem. Co.*, 300 F.2d 256, 260 (1st Cir.1962).

Rhone's pleadings, however, clearly go beyond merely alleging that Black and Schroeder are officers of Energy. Rhone alleges that they "knowingly and willfully" engaged in a number of specified types of unfair and deceptive trade practices prohibited by of Mass.Gen.L. ch. 93A, such as systematic overcharging for gasoline and denying the overcharges. Accordingly, the key question is whether this allegation is sufficient to state a Chapter 93A claim against Black and Schroeder.

The defendants contend that it is not sufficient, citing *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902 (1st Cir.1980). In that case, the First Circuit ruled that in order to hold a corporate officer liable for the tortious conduct that he commits on behalf of his corporate employer, "what is required is some showing of direct personal involvement by the corporate officer in some decision or action which is causally related to plaintiff's injury." *Id.* at 907. In *Escude Cruz*, the court dismissed the plaintiff's tort claim against the defendant corporate officers because he failed to allege specific facts in support of his general allegation that the defendant officers were personally involved in the company's tortious conduct. *Id.* at 907–08.

Rhone's Complaint does not allege any specific facts to support its allegations that Black and Schroeder engaged in the specified types of unfair and deceptive trade practices. *Escude Cruz* requires the plaintiff to allege the officer's direct personal involvement in some specified decision or action causally related to plaintiff's injury, not merely involvement in some category of actions. Therefore, the motion to dismiss Count II for failure to state a claim as against Black and Schroeder is ALLOWED without prejudice.

## VI. CONCLUSION

For the reasons above, the Court hereby orders:

1. The motion to dismiss Count IV under Rules 12(b)(6) and 9(b) is ALLOWED.

2. The motion to dismiss Count III as against Black and Schroeder under Rule 9(b) is ALLOWED.

3. The motion to dismiss Count III as against Energy under Rule 9(b) is

DENIED IN PART and ALLOWED IN PART.

4. The motion to dismiss Count II as against Black and Schroeder under Rule 12(b)(6) is ALLOWED.

Rhone shall have thirty days from the date of this order to move for leave to file an amended complaint. Should no such motion be filed and allowed, the entire action is dismissed, as the demise of Count IV removes the basis for federal jurisdiction.