Stearns, J.
This action is before the court on the motion of Chestnut Hill Realty Corp. to dismiss pursuant to Mass.R.Civ.P. 12(b)(6); a similar motion of Brenda Marsh to dismiss Counts III and IV of the complaint brought on behalf of the Trustees of The Brook House Condominium Trust.
BACKGROUND
The complaint arises out of plaintiff McEneaney’s purchase of condominium unit 312 at the Brook House in Brookline, Massachusetts in August 1987. McEneaney alleges the following facts in support of his claims. Chestnut Hill Realty Corp. (“Chestnut Hill”][2] brokered the sale of condominium units at the Brook House. Brenda Marsh was employed by Chestnut Hill as a real estate agent. Ms. Marsh showed Unit 312 to McEneaney. At the showing, McEneaney asked Ms. Marsh whether Unit 312 was quiet, a concern shared by his mother and stepfather who accompanied McE-neaney to the showing. Ms. Marsh assured McE-neaney that “the unit was quiet and that there were no noise problems with the unit.”[3] Relying upon this representation, McEneaney purchased unit 312 on August 21, 1987.
*562 In June of 1990, McEneaney began to experience noise and vibrations in his unit after an air conditioning chiller system was activated by the building’s managers. The system had been inoperative when McEneaney purchased the unit. The noise and vibrations, which persist through the summer months, interfere with McEneaney’s quiet enjoyment of his unit. After having failed to persuade the Brook House Board of Truseees to remedy the problem, McEneaney filed suit against Chestnut Hill, Ms. Marsh and the Trustees of the Brook House Condominium Trust [“Brook House”].
In a four count complaint, McEneaney sets out claims of fraud, misrepresentation, nuisance and breach of fiduciary duty. McEneaney alleges fraud and misrepresentation on the part of Chestnut Hill and its employee Ms. Marsh in Counts I and II. In Count III, McEneaney alleges nuisance, claiming that Brook House owed him a duty not to interfere with his health and comfort and the quiet enjoyment of his property. Finally, Count IV alleges a breach of fiduciary duty by Brook House flowing from the failure of the Trustees to take steps to eliminate the conditions which constitute the nuisance.
DISCUSSION
A.Standard
In determining whether a complaint will withstand a motion to dismiss for failure to state a claim,[4] the allegations of the complaint as well as any inferences that the allegations will support must be taken as true. Nader v. Citron, 372 Mass. 96, 98 (1977). A complaint should not be dismissed “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, id.
B.Fraud, Misrepresentation
A claim for misrepresentation requires that a plaintiff show a false statement of material fact made to induce the plaintiff to act and reliance on the false statement by the plaintiff to his detriment. Zimmerman v. Kent, 31 Mass.App.Ct. 72, 77 (1991). Acushnet Federal Credit Union v. Roderick, 26 Mass.App.Ct. 604, 605 & n.1 (1988). Powell v. Rasmussen, 355 Mass. 117, 118-19 (1969). The expression of an honestly held opinion does not fall within the ambit of misrepresentation if the statement is clearly communicated as an opinion. Yerid v. Mason, 341 Mass. 527, 530 (1960). “A statement on which liability for misrepresentation may be based must be one of fact, not of expectation, estimate, opinion or judgment.” Zimmerman v. Kent, supra at 79. Powell v. Rasmussen, supra at 118. “(T]his rule of law is hardly to be regretted, when it is considered how easily . . . words of hope or expectation are converted by an interested memory into statements of quality and value when the expectation has been disappointed.” Fogarty v. Van Loan, 344 Mass. 530, 532 (1962), quoting from Deming v. Darling, 148 Mass. 504, 506 (1889). A misrepresentation must be distinguished from an innocently false statement of opinion, a prediction of future events, and matters promissory in character which are not actionable. Yerid v. Mason, supra at 530.
In this case, accepting as true McEneaney’s allegations that (1) Ms. Marsh represented that unit 312 was quiet and free of any noise, (2) that the tranquility of the unit was material to his decision to purchase, and (3) that McEneaney reasonably relied on Ms. Marsh’s assurances in so doing, the complaint does not allege facts that would lend themselves to the suggestion that her representations were anything other than mere statements of opinion or belief.
Even a strong expression of belief does not give rise to a claim for misrepresentation. In Yerid v. Mason, supra at 530, the statements of a builder and owner of a house to prospective purchasers that installation of a cellar drain would keep the floor dry and eliminate any future water problems were ruled not actionable. Just as the builder’s statements in Yerid v. Mason were found by the court to be expressions of promise, opinion or prediction, the statements of Ms. Marsh come under the same umbrella of opinion or belief for which there is no cause of action.
Moreover, liability does not attach to a statement of fact that is true when it is made. In Morgan v. Financial Planning Advisors, Inc., 701 F.Supp. 923 (D.Mass. 1988), purchasers of rare coins brought suit against (among others) a brokerage firm and its managers after discovering that the coins were valueless. In granting the defendants’ Rule 12(b)(6) motion to dismiss claims of fraud, deceit and misrepresentation, the court held that the plaintiffs had failed to show that the representations that “coins were a safe and prudent investment” and that “a due diligence search revealed that RCGA [the coin dealer] was a leading and reputable coin dealer” were untrue when made. Id. at 927.
Similarly in this case, McEneaney has failed to allege facts that would challenge the contemporaneous truth of Ms. Marsh’s representations. By McEneaney’s own account, almost three years elapsed from the time the unit was purchased until he began to hear and experience noise and vibrations.[5]
The claims for fraud and misrepresentation must be dismissed both as to Ms. Marsh and as to Chestnut Hill.
C.Nuisance
Inherent in an action for private nuisance is some interference with the use and enjoyment of property. Prosser & Keeton, Torts, §87, at 619 (5th ed. 1984). “Historically, private nuisance law has addressed conflicts between neighboring, contemporaneous land uses.” Wellesley Hills Realty Trust v. Mobil Oil Corp., 747 F.Supp. 93, 98 (D.Mass. 1990). See also Philadelphia Elec. Co. v. Hercules, Inc., 762 F.2d 303, 314 (3d Cir.), cert. denied, 474 U.S. 980 (1985). A claim for private nuisance arises “when a property owner creates, permits, or maintains a condition or activity on *563 his property that causes a substantial and unreasonable interference with the use and enjoyment of the property of another.” Asiala v. City of Fitchburg, 24 Mass.App.Ct. 13, 17 (1987); Sheehy v. Lipton Industries, Inc., 24 Mass.App.Ct. 188, 191 (1987).
The fatal weakness in McEneaney’s claim of nuisance lies in his statutorily conferred ownership rights in the common areas about which he complains. As the owner of a condominium, plaintiff retains an exclusive fee interest in his individual unit in addition to an undivided interest with all other emit owners in the condominium’s common area and facilities. G.L. c. 183A, §§3, 4, 5; Golub v. Milpo, Inc., 402 Mass. 397, 400 (1988). McEneaney cannot establish that the owner of neighboring property has created or maintained a nuisance as the nuisance complained of emanates from the common areas in which he possesses an undivided interest. G.L. c. 183A, §5(a). There is simply no cause of action under private nuisance law against one’s own property. Accordingly, Count III of the complaint must be dismissed.
D. Breach of Fiduciary Duty
In Count IV of the complaint, McEneaney alleges a breach of fiduciary duty by Brook House in creating a nuisance or permitting a nuisance to continue after receiving notice of its existence. As McEneaney relies solely on a private nuisance theory in asserting a breach of fiduciary duty, his inability to allege the existence of a condition or activity on adjacent and separately owned property that interferes with the use and enjoyment of his unit defeats his claim for breach of fiduciary duty. Count IV must therefore be dismissed.
ORDER
For the foregoing reasons, it is ORDERED that defendant Chestnut Hill Realty Corp.’s Motion to Dismiss, defendant Brenda Marsh’s Motion to Dismiss, and the Motion of defendant Brook House to Dismiss Counts III and IV are ALLOWED. A Judgment of Dismissal shall enter accordingly.

 complaint, p. 3, § 13 alleges that Chestnut Hill maintained a full time sales office at the Brook House. It can be inferred that Chestnut Hill as a consequence was thoroughly familiar with the building complex.

 Complaint at p. 4, §14.

 Ms. Marsh raises the additional grounds of laches, failure to state claims with particularity under Mass.R.Civ.P. 9(b), and improper service of process. For reasons that will become apparent it is not necessary that I address these defenses.

 Complaint, p.4, §19.