FRANCES J. VOGELAAR, administratrix, *vs.* H. L. ROBBINS & Co. INC. & another. February 1, 1965. One Roukema's administratrix seeks to establish a trust and obtain an accounting in respect of dealings between (a) Roukema and (b) the defendants, a licensed stockbroker and a securities firm acting as broker and on occasion as dealer. The trial judge, denying further leave to amend, sustained a demurrer to an amended bill which in very general terms alleged, inter alia, (1) that the defendants

were aware that Roukema knew little about the securities business, had been under intermittent psychiatric treatment, and completely relied upon them; (2) that he had transferred funds to the defendants "to invest and reinvest . . . in good and safe securities for him"; (3) that the defendants controlled the funds "subject to their duty to hold same in trust" to invest them for Roukema's benefit, and traded the fund with undue frequency for their own benefit rather than Roukema's interest; and (4) that, without disclosing "their own secret interest" they invested the funds (see *Hall* v. *Paine,* 224 Mass. 62, 73) in securities owned by them and themselves bought securities formerly sold to Roukema's account. The allegations suggest a situation in some respects similar to that found by the master in *Birch* v. *Arnold & Sears, Inc.* 288 Mass. 125, 136–138, where the bill was not tested by demurrer. The allegations, however, do not set out with precision the facts concerning the defendants' undertaking or the circumstances of particular transactions and arrangements. They fall short of indicating a fiduciary (as distinguished from a business) relationship or that the defendants made a contractual undertaking to direct the investment program without control by Roukema. See *Brown* v. *Corey,* 191 Mass. 189, 191; *Snow* v. *Merchants Natl. Bank,* 309 Mass. 354, 360–361; *Plumer* v. *Luce,* 310 Mass. 789, 793, 796, 799; *Yamins* v. *Zeitz,* 322 Mass. 268, 272–273. See also *Furber* v. *Dane,* 204 Mass. 412, 415–417. Cf. *Akin* v. *Warner,* 318 Mass. 669, 674; *Berenson* v. *Nirenstein,* 326 Mass. 285; Lesh, Federal Regulation of Over-the-Counter Brokers and Dealers in Securities, 59 Harv. L. Rev. 1237, 1248, 1272–1273. The demurrer was correctly sustained, but because it is not clear that the plaintiff cannot state a case good against demurrer, the interlocutory decree is to be modified, and the final decree is to be reversed, solely to permit the Superior Court in its discretion to allow further amendment of the bill. If no application for further amendment is filed within sixty days after the date of rescript, or if an amendment is not allowed on an application seasonably filed, the bill is to be dismissed. See *Abrain* v. *Pereira,* 336 Mass. 460, 463.

*Harry Zarrow (Jacob Oppewal* with him) for the plaintiff.
*Lawrence A. Sullivan* for the defendants.