Bertram LEFKOWITZ, etc.,
Plaintiff, Appellant,

v.

SMITH BARNEY, HARRIS UPHAM &
CO., INC., and Henry N. Fishburne,
Defendants, Appellees.

No. 86–1329.

United States Court of Appeals,
First Circuit.

Submitted Sept. 12, 1986.

Decided Sept. 17, 1986.

Michael C. Gilleran and Schultz & Bednarz, P.C., Boston, Mass., on brief, for plaintiff, appellant.

Gerald F. Rath, James P. Delphey, Bingham, Dana & Gould, Boston, Mass., Henry Lukas, David Levy and Smith Barney, Harris Upham & Co., Inc., New York City, on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, COFFIN and BREYER, Circuit Judges.

PER CURIAM.

Appellant Lefkowitz, personal representative of the estate of Julius Melnick, appeals an order of the district court dismissing the remaining three counts of his second amended complaint against appellees Smith Barney, Harris Upham & Co. ("Smith Barney") and Henry Fishburne pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b). The complaint alleges that appellees failed to disclose the unsuitability of investments in Melnick's brokerage account, thereby violating section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10(b)–5 (Count I); Mass.Gen.Laws Ann. ch. 110A, § 410(a)(2) (Count III); and their common law fiduciary duty (Count IV). We affirm the dismissal on the basis of appellant's failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

■ 1. The district court properly dismissed the breach of fiduciary duty claim in Count IV because a simple stockbroker-customer relationship does not constitute a fiduciary relationship in Massachusetts. *Brine v. Paine, Webber, Jackson & Curtis, Inc.,* 745 F.2d 100, 103 (1st Cir.1984); *Plumer v. Luce,* 310 Mass. 789, 795–96, 39 N.E.2d 961, 964–65 (1942). Appellant claims that the relationship between Melnick and Fishburne, his account executive, cannot be properly characterized as a "simple stockbroker-customer relationship" because the parties enjoyed a longstanding personal friendship and because Melnick, who allegedly lacked business acumen, always followed Fishburne's guidance in complicated matters. Appellant cites *Broomfield v. Kosow,* 349 Mass. 749, 755–56, 212 N.E.2d 556, 560 (1965), to support his contention that these facts compel a finding of fiduciary duty.

We are persuaded, however, that this case is controlled by *Vogelaar v. H.L. Robbins & Co.,* 348 Mass. 787, 204 N.E.2d 461 (1965) (rescript opinion), a case not cited by appellant. In *Vogelaar,* the Massachusetts Supreme Judicial Court held that allegations of a decedent's minimal knowledge of investments and blind reliance upon his broker are not sufficient for a proper pleading of fiduciary duty. *Id.* at 788, 204 N.E.2d at 462. The facts of the case before us are surprisingly similar to the facts of *Vogelaar.* Both cases involved actions brought by the representative of an estate seeking to establish a breach of fiduciary duty by a stockbroker. Furthermore, there were allegations of a conservative investment objective in each case. Although the facts of *Vogelaar* appear to be even more compelling because of the broker's awareness that the deceased had been under intermittent psychiatric care, the court sustained the demurrer for failure to establish a fiduciary relationship in the pleadings. We find nothing in appellant's complaint to distinguish this case from the situation in *Vogelaar* and therefore hold that the relationship between Melnick and Fishburne was not fiduciary in nature.

■ 2. The district court also properly dismissed Count I of the complaint because appellant's Rule 10b–5 claim insufficiently pleads the elements of an unsuitability claim. To prevail in a Rule 10b–5 action, a plaintiff must first show that the defendant is responsible for some misrepresentation or material omission. *Holmes v. Bateson,* 583 F.2d 542, 551 (1st Cir.1978). Appellant claims that appellees' failure to disclose the unsuitability of the investments in Melnick's account constitutes a material omission. *See Troyer v. Karcagi,* 476 F.Supp. 1142, 1152 (S.D.N.Y.1979). Appellant must demonstrate, therefore, that the quality of the securities purchased for Melnick's account was inappropriate in light of Melnick's investment objectives. *Tiernan v. Blyth, Eastman, Dillon & Co.,* 719 F.2d 1, 5 (1st Cir.1983). Based upon three clusters of factual allegations and upon "information and belief," appellant has averred that Melnick's investment objective was to purchase strictly "low risk" securities. These allegations, however, whether considered individually or collectively, are insufficient to support appellant's unsuitability claim.

First, appellant alleges that it is common practice in the brokerage industry to require that new customers complete an in-

vestor intake form listing the type of investments the customer prefers. Because Smith Barney has been unable to produce such a form for Melnick, appellant argues that it is reasonable for us to conclude that appellees were not concerned with Melnick's objectives or that appellees failed to produce the completed form because it indicated Melnick's "low risk" objective. We disagree. The only inference we can reasonably draw from the pleadings and appellees' failure to locate an intake form is that such a form was never completed, or alternatively, that the completed form was lost, misplaced, or destroyed. We cannot reasonably infer anything about the *contents* of an investor intake form from the appellees' inability to produce one.

Second, appellant alleges that Melnick drew up five different wills during the waning years of his life, each providing for different beneficiaries. Appellant argues from this fact that Melnick must have wanted only "low risk" investments to preserve the estate for his heirs. Again, we cannot reasonably infer this conclusion from the alleged facts. Melnick's repeated redrafting of his will merely reflects frequent changes of heart regarding how to divide his estate; these actions do not indicate the type of investment strategy that Melnick wished to pursue.

Third, appellant argues that Melnick's limited education, advanced age, precarious financial status, and lack of investment experience require us to find that he desired strictly "low risk" investments. These factual allegations, however, do not compel an inference of the sort suggested by appellant. It would be just as reasonable for us to conclude that a person in Melnick's position would desire a portfolio containing a mix of securities with varying levels of risk. Furthermore, we do not believe that a "prudent broker/dealer" would necessarily have concluded from these circumstances that Melnick wanted only "low risk" investments.

In short, even accepting all of appellant's factual allegations as true and drawing all *reasonable* inferences in appellant's favor, we find that the factual allegations contained in appellant's complaint do not support his claim that Melnick sought to invest exclusively at low levels of risk. This leaves only appellant's conclusory allegation that "upon information and belief, Melnick did not intend to invest at high levels of risk." Complaint ¶ 14. Appellant admits that he has attempted to conform to the pleading requirements of Fed.R.Civ.P. 9(b) by pleading all of the facts supporting his "information and belief" averment. *See Wayne Investment, Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 13–14 (1st Cir.1984). Significantly, appellant's factual allegations, which are insufficient to establish Melnick's investment objective, provide the *only* foundation for appellant's belief concerning that objective. We therefore hold that appellant's conclusory averment based solely upon "information and belief" does not sufficiently allege an essential element of his unsuitability claim. Dismissal is proper because the complaint fails to allege a required element necessary to obtain relief. *Fisher v. Flynn*, 598 F.2d 663, 665–66 (1st Cir.1979).

■ 3. The district court properly dismissed Count III of the complaint because appellant's claim pursuant to § 410(a) of the Massachusetts Uniform Securities Act also fails to state a claim upon which relief may be granted. Section 410(a)(2) imposes liability when "[a] person offers or sells a security by means of an untrue statement of material fact or by an omission to state a material fact...." Mass. Gen. Laws Ann. ch. 110A, § 410(a)(2). Appellant's claim under this section, therefore, must also be founded upon a showing that the securities purchased for Melnick's account were unsuitable. As described above, however, appellant has failed properly to plead an essential element of a claim for unsuitability. Accordingly, his § 410(a) claim also fails to state a claim upon which relief may be granted.

■ 4. Even if we assume that the district court erred by considering factual matters outside the pleading in reaching its decision, such error would be harmless be-

cause the dismissal can be justified without reference to the extrinsic material. *Medina v. Rudman,* 545 F.2d 244, 247 (1st Cir.1976), *cert. denied,* 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 177 (1977).

5. Because we hold that appellant's complaint does not state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6), we need not address whether the allegations of appellant's complaint satisfy the paticularity requirement of Fed.R. Civ.P. 9(b).

*Affirmed.*