Arthur E. ALTON, Custodian For Benefit of Sandra L. ALTON, Plaintiff,

v.

PRUDENTIAL–BACHE SECURITIES, INC., Defendant.

Civ. A. No. 89–0452–MA.

United States District Court, D. Massachusetts.

Nov. 29, 1990.

---

David M. Shear, Robert L. Ciociola, Weiss, Angoff, Coltin, Koski & Wolf, P.C., Boston, Mass., for plaintiff.

Gerald F. Rath, David C. Boch, James Gilbert, Bingham, Dana & Gould, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

Currently before the Court is defendant Prudential–Bache Securities, Inc.'s motion to dismiss all counts of plaintiff's complaint. After careful consideration of the applicable law and for the reasons stated below, this motion is granted.

### I. *Background*

In his second amended complaint, plaintiff alleges that on or about March 8, 1986, he met with defendant's representative, Richard J. Sarro, and others at the defendant's Burlington, Massachusetts office. During this meeting plaintiff discussed with defendant's representatives the investment of $58,000, a sum plaintiff's daughter Sandra received from the settlement of a personal injury/products liability claim, which plaintiff wished to invest on behalf of his daughter. Based on defendant's recommendations, plaintiff purchased shares of Fox Capital Growth Hotel Estates ("Fox Capital"), Lorimar Film Partners ("Lorimar"), Prudential–Bache Inconvertible Fund, and Putnam Option Income II Fund totalling approximately $58,000. Apparently two of the four securities—Fox Capital and Lorimar—have declined in value since plaintiff's original investment.

Plaintiff claims that these securities "were grossly inappropriate, unsuitable, and overly speculative and risky investments under the circumstances...." The first count of the complaint charges defendant with violations of the National Association of Securities Dealers rules governing suitability. The second count alleges viola-

tions of the Massachusetts Uniform Securities Act, Massachusetts General Laws ch. 110A, sections 101 and 102. Both counts were dropped voluntarily in response to defendant's motion to dismiss, leaving only counts III, IV, and V.

Count III charges the defendant with common law fraud or misrepresentation in recommending the Fox Capital and Lorimar securities to plaintiff. Count IV claims that defendant's acts and omissions constitute fraud under Rule 10b–5 of the Securities Exchange Act of 1934. Count V claims that defendant's actions and omissions constitute an unfair or deceptive act of practice prohibited by chapter 93A of the Massachusetts General Laws. Plaintiff seeks actual and punitive damages, interest, fees, and costs on counts III and IV. Count V seeks treble damages, interest, fees, and costs.

Defendant's motion to dismiss raises three arguments fatal to plaintiff's claims: the two-year statute of limitations for securities fraud claims, the applicability of chapter 93A to securities fraud claims prior to its amendment in 1987, and the particularity requirement of Rule 9(b).

## II. The Statute of Limitations

Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b–5 promulgated thereunder, create an implied cause of action and specify no time period for bringing a claim. The federal law therefore "borrows" from state law the limitations period established in the most analogous state statute. *Cook v. Avien, Inc.,* 573 F.2d 685, 694 (1st Cir.1978) (citing *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976)). When the First Circuit Court of Appeals decided *Janigan v. Taylor,* 344 F.2d 781, 783 (1st Cir.), *cert. denied,* 382 U.S. 879, 86 S.Ct. 163, 15 L.Ed.2d 120 (1965), the state statute most analogous to Rule 10b–5 was Mass.Gen.Laws chapter 260, section 12, which provided a two (now three) year limitation for common law fraud claims. In the intervening years, however, Massachusetts has enacted the Uniform Securities Act, Mass.Gen.Laws chapter 110A. Defendant argues that section 410(a)(2) of chap-

ter 110A is the more accurate current analogy to Rule 10b–5 and that the Uniform Securities Act's two-year statute of limitations therefore applies to count IV of plaintiff's amended complaint.

Although the First Circuit has mentioned the statute of limitations in Rule 10b–5 cases on at least two occasions since the Uniform Securities Act was enacted in 1972, *see, e.g., Maggio v. Gerard Freezer & Ice Co.,* 824 F.2d 123, 127 (1st Cir.1987); *General Builders Supply Co. v. River Hill Coal Venture,* 796 F.2d 8, 11 n. 3 (1st Cir.1986), it has not squarely addressed the problem raised by defendant. The statute of limitations question has, however, been tackled by Judge Skinner and I am persuaded that he is correct in both his analysis of the First Circuit case law and his interpretation of the Massachusetts statute. In *Abelson v. Strong,* 644 F.Supp. 524 (D.Mass.1986), Judge Skinner stated:

> Where the state law providing for an express private cause of action prohibits the same conduct as the federal statute supporting an implied cause of action, *i.e.,* fraud in securities transactions, and serves the same policy, *i.e.,* preventing such fraud, the state statute is clearly more analogous to the federal cause of action than the multiform concept of common law fraud.

*Id.* at 532. This sound reasoning has been adopted by Judge Caffrey in *Gaudette v. Panos,* 644 F.Supp. 826, 836 (D.Mass.1986), *rev'd on other grounds and remanded,* 852 F.2d 30 (1st Cir.1988), and Judge Aldrich in *McQuesten v. Advest, Inc.,* [1988–89 Transfer Binder] Fed.Sec.L.Rep. (CCH) par. 94,011, 1988 WL 125783 (D.Mass.1988).

Plaintiff claims that the alleged securities fraud occurred in March 1986. In order to be timely, the complaint had to be filed by March 1988. The complaint was filed on February 28, 1989 and is therefore barred by the two-year statute of limitations established in Mass.Gen.Laws ch. 110A, section 410(e). Plaintiff has presented no facts or argument concerning tolling the applicable statute of limitations. *Cf. Maggio v. Gerard Freezer & Ice Co.,* 824 F.2d at 127–28.

## III. *Chapter 93A*

■ Time is also fatal to plaintiff's chapter 93A claim. In 1988, the Massachusetts legislature amended chapter 93A so that it expressly covered securities transactions. Before the effective date of April 4, 1988, however, the sale of securities was not encompassed within the statute's protection. *See, e.g., Kennedy v. Josephthal & Co.*, 814 F.2d 798, 800 n. 1 (1st Cir.1987) ("The Supreme Judicial Court of Massachusetts has specifically held that chapter 93A does not apply to securities transactions.") (citing *Cabot Corp. v. Baddour*, 394 Mass. 720, 477 N.E.2d 399 (1985)). Courts that have considered the issue have determined that the 1988 amendment has only prospective, and not retroactive, effect. *Gateway Securities, Inc. v. Crepeau*, Civ. No. 90–11010–S, 1990 WL 114790, 1990 U.S.Dist. LEXIS 9978 (D.Mass. July 23, 1990); *Shamsi v. Dean Witter Reynolds, Inc.*, 743 F.Supp. 87, 93 (D.Mass.1989). This determination comports with the well-established doctrine of statutory construction that presumes prospective application of an amendment. *Nickerson v. Matco Tools Corp.*, 813 F.2d 529, 532 (1st Cir.1987) ("As a general rule, a statute is applied prospectively unless a contrary intent is clearly manifested by the legislature."). Finding no evidence that the legislature intended otherwise, count V must be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.Pro. 12(b)(6).

## IV. *Misrepresentation*

■ Plaintiff's final remaining claim (count III) is based on common law fraud. The claim is timely, as it was brought within the three-year limitations period specified by Mass.Gen.Laws chapter 260, section 12. Defendant's challenge to the claim comes under Rule 9(b) of the Federal Rules of Civil Procedure:

**Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of the mind of a person may be averred generally.

"The particularity requirement is strictly construed in this circuit," Judge Skinner stated in his recent opinion in *Shamsi v. Dean Witter Reynolds, Inc.*, 743 F.Supp. at 90. "Particularly in actions based on securities law violations, the plaintiff may not delay setting out facts to support his claim pending discovery, but must detail them in the complaint or face dismissal." *Id.* In order to satisfy Rule 9(b), "the complaint must give the time, place, and contents of the alleged misrepresentation or omissions, but not the circumstances from which fraudulent intent could be inferred. Conclusory allegations of fraud are insufficient under the rule 'no matter how frequently repeated.'" *Gaudette v. Panos*, 644 F.Supp. at 834 (citation omitted) (quoting *Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir.1972)). The purpose of Rule 9(b)'s particularity requirement is to (1) place the defendant on notice and enable him or her "to prepare a meaningful defense to fraud; (2) to prevent the use of conclusory allegations of fraud as a basis for strike suits and fishing expeditions; and (3) to protect defendants from groundless charges which tend to damage their reputations." *Shamsi v. Dean Witter Reynolds, Inc.*, 743 F.Supp. at 90. *See also Simcox v. San Juan Shipyard, Inc.*, 754 F.2d 430, 439 (1st Cir.1985).

Plaintiff's second amended complaint provides the following description of the alleged misrepresentation:

6. After a brief meeting between Plaintiff and the Defendant's representative ... the Plaintiff explained to Mr. Sarro the origin of the money and his daughter's need for investment security. The Defendant's representatives ... filed to inquire as to the assets or income of either the Plaintiff or Sandra Alton, or other matters pertinent to determining the appropriateness and suitability of the Securities for Sandra Alton.

. . . . .

18. Defendant's recommendation and sale to the Plaintiff of securities of Fox Capital and Lorimar constitute misrepresentation to the Plaintiff that Fox Capital

and Lorimar were suitable investments for the Plaintiff (the "Misrepresentation").

19. The Misrepresentation was made by the Defendant with the intention to induce the Plaintiff to act upon the Misrepresentation, and thereby purchase Fox Capital and Lorimar.

20. The Misrepresentation was made with knowledge of its untruth or with a recklessness as to its truth or falsehood. In addition to the time, place, and person requirements under Rule 9(b), when alleging unsuitability the plaintiff must also "show that the *quality* of the stocks bought was inappropriate to his investment objectives." *Tiernan v. Blyth, Eastman, Dillon & Co.*, 719 F.2d 1, 5 (1st Cir.1983) (emphasis original; footnote omitted). As more than one court has observed, "That there are risks inherent in stock market investment is, in our view, information so basic that it need not be disclosed by the broker." *Bischoff v. G.K. Scott & Co.*, 687 F.Supp. 746, 751 (E.D.N.Y.1986); *Shamsi v. Dean Witter Reynolds, Inc.*, 743 F.Supp. at 91–92. The fact that two out of the four securities recommended by the defendant subsequently declined in value says nothing about the *quality* of the stocks when they were purchased in 1986, or how the stocks were inappropriate in light of the plaintiff's only stated investment objective, his daughter's "investment security."

The First Circuit recently discussed the issue of investment objectives in a unsuitability case with many similarities to the case at bar.

[A]ppellant argues that [plaintiff's] limited education, advanced age, precarious financial condition, and lack of investment experience requires us to find that he desired strictly "low risk" investments. These factual allegations, however, do not compel an inference of the sort suggested by appellant. It would be just as reasonable for us to conclude that a person in [plaintiff's] position would desire a portfolio containing a mix of securities with varying levels of risk.

*Lefkowitz v. Smith Barney, Harris Upham & Co.*, 804 F.2d 154, 156 (1st Cir.1986)

(per curiam). The vague allegations in count III raise the same questions that troubled the Court of Appeals in the case above.

Plaintiff's allegations of misrepresentation are conclusory and must be dismissed. The complaint's failure to plead fraud with the required particularity become strikingly obvious when compared to the allegations Judge Skinner determined complied with Rule 9(b) in the *Shamsi* decision. Like the plaintiff in the case at bar, the *Shamsi* plaintiff alleged common law fraud in a broker's recommendation of unsuitable securities. Unlike the plaintiff in the case at bar, however, the *Shamsi* plaintiff, in his complaint and attached exhibits, provided "specific statements and omissions by defendants which constitute the alleged misrepresentations, and provide[d] breakdowns of stocks purchased and sold...." *Id.* at 90. The second amended complaint currently before the Court contains no such specificity. This is not a matter requiring discovery, as the information required should be in the plaintiff's hands.

Plaintiff also fails to show how the quality of the securities recommended by the defendant failed to meet his investment objectives.. Losing money in the stock market can be unfortunate for some and an outright tragedy for others, but such losses come with the territory and are not always the result of fraud.

In accordance with the foregoing, the defendant's motion to dismiss is granted and the complaint is to be dismissed.

So ordered.