**Anthony CANNISTRACI, et al., Plaintiffs,**

v.

**DEAN WITTER REYNOLDS, INC. and Keith Fotta, Defendants.**

**Civ. A. No. 90–12682–T.**

United States District Court, D. Massachusetts.

Aug. 26, 1992.

---

**620**

Alan E. Lipkind, Lawrence M. Slater, Lane & Altman, Boston, Mass., for plaintiffs.

David C. Boch, Bingham, Dana & Gould, Boston, Mass., for Dean Witter Reynolds, Inc.

## MEMORANDUM

TAURO, Chief Judge.

This case concerns the constitutionality of § 476 of the Federal Insurance Corporation Improvement Act of 1991 ("§ 476"), which amended the Securities and Exchange Act of 1934 ("34 Act") by adding Section 27A. *See* Pub.L. No. 102–242 § 476, 105 Stat. 2236, 15 U.S.C. § 78aa–1. The amendment affected the limitation period for pending § 10(b) cases under the 34 Act, as well as those that had been dismissed.[1]

---

1. The Act states as follows:
   Section 27A   (a) **Effect on Pending Causes of Action.**
   The limitation period for any private civil action implied under section 10(b) of this Act that was commenced on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991.

Congress passed § 476 to respond to the Supreme Court's decision in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). In *Lampf,* the Court adopted a federal statute of limitations for actions alleging violations of § 10(b) of the 34 Act. It held that such actions must be commenced within one year of the discovery of the facts constituting the alleged violation, and within three years of such violation. By virtue of the Court's decision in *James B. Beam Distilling Co. v. Georgia,* — U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), the *Lampf* rule was applied retroactively to all other pending cases, including this one.

Section 476(b) permits a plaintiff whose case was dismissed as time-barred per *Lampf* to reinstate that action, if the case would have been considered timely filed in the applicable jurisdiction prior to *Lampf.* At issue here is whether § 476 violates the doctrine of separation of powers.

## I.

Plaintiffs, Anthony Cannistraci and his family, sued Dean Witter Reynolds, Inc. ("Dean Witter") and a Dean Witter broker, Keith Fotta, for alleged federal and state securities violations.[2] Specifically, plaintiffs claim that, during 1986 and 1987, Fotta misrepresented the nature of investments he made for them. Plaintiffs filed their complaint on November 7, 1990, more than one year after discovering the alleged securities fraud in February 1989.

On November 25, 1991, plaintiffs voluntarily dismissed their case, because they understood the "one year from discovery" rule, established by *Lampf,* to bar their action. On February 14, 1992, plaintiffs sought to reinstate their case, based on Congress's passage of § 476. They seek to apply the three year statute of limitations for 34 Act violations that the First Circuit utilized prior to the *Lampf* decision. *See Maggio v. Gerard Freezer & Ice Co.,* 824 F.2d 123, 124 n. 2 (1st Cir.1987) (court should derive limitation period from analogous state law); *General Builders Supply Co. v. River Hill Coal Venture,* 796 F.2d 8, 11 n. 3 (1st Cir.1986) (same).[3] If § 476 is valid, then plaintiffs' action should be reinstated as having been timely filed under the applicable limitation period.

■ Defendants' first line of defense is that plaintiffs' action was not "dismissed as time barred" within the meaning of § 476, because plaintiffs voluntarily dismissed their action. In other words, defendants argue that § 476 applies only if a court dismisses the action. The language of the statute does not support this contention. This court, therefore, goes on to analyze the merits of the underlying constitutional issue.

## II.

■ Congress may not "enact legislation that 'prescrib[es] rules of decision to the Judicial Department of the government in cases pending before it' unless it changes an underlying substantive or procedural law." *In re Brichard Sec. Litig.,* 788 F.Supp. 1098, 1102 (N.D.Cal.1992) (quoting *United States v. Sioux Nation of Indians,* 448 U.S. 371, 398, 100 S.Ct. 2716, 2732, 65 L.Ed.2d 844 (1980)). A congres-

---

(b) **Effect on Dismissed Causes of Action.** Any private action implied under section 10(b) of this Act that was commenced on or before June 19, 1991 (1) which was dismissed as time barred subsequent to June 19, 1991, and (2) which would have been timely filed under the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991, shall be reinstated on *motion* by the plaintiff not later than 60 days after the date of enactment of this section.

2. Plaintiffs' six-count complaint seeks damages for (I) federal securities violations; (II) negligence; (III) fraud; (IV) breach of fiduciary duty; (V) breach of contract; and (VI) state securities violations.

3. Both of these cases applied the three year limitation period found in Mass.Gen.L. ch. 260, § 2A, which governs tort actions. Even if the court were to apply the two year limitation period of Mass.Gen.L. ch. 110A, § 410(e), *see Alton v. Prudential–Bache Sec., Inc.,* 753 F.Supp. 39 (D.Mass.1990), the discovery rule that applies to fraud claims, *see Morgan v. Financial Planning Advisors, Inc.,* 701 F.Supp. 923 (D.Mass. 1988), would serve to bring this action within that limitation period as well.

sional act that directs courts to decide pending cases in a certain way violates separation of powers concerns.

The seminal case on this issue is *United States v. Klein,* 80 U.S. (13 Wall.) 128, 20 L.Ed. 519 (1871), which concerned a statute that provided for the return of confiscated land to those who were loyal to the Union during the Civil War. In a prior opinion, the Supreme Court had decided that a presidential pardon conclusively evidenced loyalty. Congress then ruled that a pardon evidenced disloyalty. The Court struck down this law as an invalid attempt to overturn a judicial interpretation of an unchanged law.

■ Here, however, Congress has not sought to control the ultimate resolution of a pending case. Rather, "courts applying § 27A still are required, and able, to exercise the normal judicial functions of evaluating the facts of each case and construing the applicable law, in this case whatever law applied on or before June 19, 1991." *Axel Johnson, Inc. v. Arthur Andersen & Co.,* 790 F.Supp. 476, 480 (S.D.N.Y.1992). *See also Brown v. Hutton Group,* Fed. Sec. L. Rep. (CCH) ¶ 96,624 (S.D.N.Y. 1992).[4]

Recent Supreme Court case law supports the conclusion that § 476 does not offend the doctrine of separation of powers. In *United States v. Sioux Nation of Indians,* 448 U.S. 371, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980), the Sioux Indians brought a land claim against the government, which was denied on grounds that the Court of Claims lacked the authority to render the award. The Sioux later reargued their claim when Congress created a special tribunal for resolving tribal grievances. That claim was dismissed on res judicata grounds. Congress then legislatively abrogated the government's res judicata defense. The Court considered whether, in enacting this legislation, Congress violated the separation of powers doctrine.

The Court upheld the legislation by distinguishing the *Klein* decision.

> [T]he proviso at issue in *Klein* had attempted "to prescribe a rule for the decision of a cause in a particular way." The amendment at issue [here], however, ... waived the defense of res judicata so that a legal claim could be resolved on the merits. Congress made no effort ... to control the [court's] ultimate decision of that claim.

*Id.* 448 U.S. at 405, 100 S.Ct. at 2735–36 (quoting *Klein,* 80 U.S. 128, 146).

This court concludes that § 476 does not offend separation of powers concerns. Because plaintiffs' claim was not barred by the statute of limitations in effect in this jurisdiction on June 19, 1991, plaintiffs may reinstate their claim.

### III.

The court now addresses defendants' Motion to Dismiss. Defendants argue, first, that plaintiffs' state securities claims are barred by the state statute of limitations. Second, they argue that plaintiffs have failed to plead fraud with particularity pursuant to Fed.R.Civ.P. 9(b), and that plaintiffs have failed to allege the essential elements of a claim under § 10(b) of the 34 Act. Dean Witter also claims that it did not owe plaintiffs a fiduciary duty.

#### A. *State Statute of Limitations*

■ Defendants argue that plaintiffs' claim under Mass.Gen.L. ch. 110A, § 410, which prohibits securities fraud, is barred by the statute of limitations reflected in § 410(e). Section 410(e) had, at the time suit was filed, a two year limitation period from the date of "contract of sale." The parties entered into the contracts for investment in late 1986 and early 1987. Plaintiffs filed suit on November 7, 1990. But, as they plead in their complaint, they did not discover the alleged fraud until February 1989. Because plaintiffs may avail themselves of the discovery rule that applies to fraud actions, *see Morgan v.*

---

**4.** Other courts, however, have found § 476 to violate the separation of powers doctrine. *See, e.g., Bank of Denver v. Southeastern Capital Group, Inc.,* 789 F.Supp. 1092 (D.Colo.1992); *Plaut v. Spendthrift Farm, Inc.,* 789 F.Supp. 231 (E.D.Ky.1992); *In re Brichard Sec. Litig.,* 788 F.Supp. 1098 (N.D.Cal.1992); *TGX Corp. v. Simmons,* 786 F.Supp. 587 (E.D.La.1992).

*Financial Planning Advisors, Inc.*, 701 F.Supp. 923, 926 (D.Mass.1988), defendants' Motion to Dismiss the state securities law claim is DENIED.

### B. *Pleading Failures*

Fed.R.Civ.P. 9(b) requires that "in all averments of fraud ... the circumstances constituting the fraud ... shall be stated with particularity." To satisfy Rule 9(b), the complaint must specify the time, place and content of each alleged false misrepresentation. *Wayne Inv., Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 13 (1st Cir. 1984). The purpose of the Rule is to provide defendants with notice of the grounds of a plaintiff's complaint. *Id.* A complaint must provide some factual support for the allegations of fraud. *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 878 (1st Cir.1991).

Here, plaintiffs allege that, at the time they invested their money, Fotta misrepresented the nature of the investments by calling them conservative when, in fact, they were risky. Compl. ¶¶ 9, 17.

Defendants assert that plaintiffs have failed to inform them which investments in particular turned out to be risky. A fair reading of the complaint, however, confirms that plaintiffs have referred to the allegedly offending investments. *See* Compl. ¶¶ 11–14. This court determines, therefore, that plaintiffs have pleaded fraud with sufficient particularity.

The court also notes that plaintiffs have pleaded scienter and causation. *See* Compl. ¶¶ 17–21. Defendants' Motion to Dismiss the fraud counts is, therefore, DENIED.

### C. *Breach of Fiduciary Duty*

Defendants are correct that they did not breach a fiduciary relationship. In *Lefkowitz v. Smith Barney, Harris Upham & Co. Inc.*, 804 F.2d 154 (1st Cir.1986), the court upheld the district court's dismissal of a breach of fiduciary claim "because a simple stockbroker-customer relationship does not constitute a fiduciary relationship in Massachusetts." *Id.* at 155. Defen-

dants' Motion to Dismiss the Breach of Fiduciary claim is, therefore, ALLOWED.

An order will issue.

### ORDER

For the reasons stated in the accompanying Memorandum, plaintiffs' Motion to Vacate Judgment of Dismissal and for Reinstatement is hereby ALLOWED, and defendants' Motion to Dismiss is ALLOWED as to Count IV of the Complaint, and otherwise DENIED.

It is so ordered.