Robert N. **GREENFIELD**, E.S. Goldman, Myles Arthur Franklin, Jr., Everett A. Shekleton, Thomas L. O'Connor, Curtis E. Dorrie, Jr., Nancy R. Meinken, Fern Louise Kroll, Barry N. Gibson, Mary Waitkus and Martin P. Johnston as Conservator for Edward T. Johnston, Plaintiffs,

v.

Gerald G. **SHUCK**, Richard L. Rowe, Jr., Howard F. Whelden, Augustine F. Gouveia, Paul F. Butler, Louis P. Drinkwine, Jr., Richard A. Dusseault, Joan M. Griffin, Bruce C. Williams, Paul M. White, Anita M. Bolduc, Rita A. Garbitt, Bever-

ly Wood, Judith Carpenter, Matthew J. Sylvia, Lois Gagnon, Diane Thibeault, Peter Kropp, Dorothy Zakarian, Sabra C. Ramsdall, Peter Pollack, Eldredge E. Sparrow, John Abreau, Philip J. Assiran, Arthur G. Baronousky, Wilton B. Crosby, Jr., John A. Drew, Edward D. Duffy, Walter H. Fish, Jr., Milton M. Gray, Jr., Edward Kelly, Jr., Walter L. Marchant, Jr., Joseph C. Murray, Thomas B. Powers, Winthrop V. Wilbur, Jr., Wolf & Company of Massachusetts, P.C., and Edward F. McLaughlin, Jr., Esq., Defendants.

Civ. A. No. 91–11016–WGY.

United States District Court,
D. Massachusetts.

May 17, 1994.

Evans J. Carter, Kassler & Feuer, P.C., Boston, MA, John A.D. Gilmore, Hill & Barlow, Boston, MA, for plaintiffs.

Paul J. Murphy, Duncan S. Payne, Cuddy, Lynch, Manzi & Bixby, Deborah L. Thaxter, Peabody & Brown, Boston, MA, Nicholas B. Soutter, Wellesley, MA, Philip M. Boudreau, Hyannis, MA, Christian M. Hoffman, Foley, Hoag & Eliot, Judith K. Wyman, James R. DeGiacomo, Roche, Carens & DeGiacomo, Boston, MA, James H. Wexler, Kotin, Crabtree & Strong, Boston, MA, Robert S. Troy, Bourne Town Counsel, Sandwich, MA, Michael B. Stusse, Ardito, Sweeney, Stusse, Robertson & Dupuy, West Yarmouth, MA, H. Alfred Yonce, Orleans, MA, Elyse D. Cherry, Hale & Dorr, Boston, MA, Philip M. Boudreau, Hyannis, MA, and Kevin F. Moloney, and Alison L. Berman, Barron & Stadfeld, Boston, MA, for defendants.

Mary Jane Yoemans, pro se.

Diane L. Varjabedian, pro se.

Paula J. Sweetman, pro se.

Alan D. Stevens, pro se.

John T. Aylward, pro se.

Robert F. Barry, pro se.

Barry E. Burden, pro se.

Jane C. Caron, pro se.

Daniel D. Dodge, pro se.

Megan Holway, pro se.

Anthony J. LaRocco, pro se.

Marcy L. Long, pro se.

Francis J. Lucey, Jr., pro se.

Deborah P. Robbins, pro se.

Deane B. Sawyer, pro se.

Peter Pollock, pro se.

Kevin F. Moloney, Barron & Stadfeld, Boston, MA, for movant.

---

## MEMORANDUM AND ORDER

YOUNG, District Judge.

On March 14, 1991, Robert Greenfield, together with numerous other individuals,[1] filed the instant cause of action in the Massachusetts Superior Court sitting in and for the County of Barnstable. The defendants[2] removed the case to this Court soon thereafter. On July 15, a Substitute Complaint was filed.

On August 15, 1991, this Court allowed the defendants' Motion to Dismiss in part, dismissing Count Two of the Substitute Complaint, alleging violations of section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, and Count Four, alleging aiding and abetting violations of the federal securities laws, pursuant to the Supreme Court's decision in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991).

On February 7, 1992, Greenfield moved to file a Third Substitute Complaint and, in a subsequent motion, moved to amend the Substitute Complaint by reinstating the previously-dismissed securities counts, arguing that such reinstatement was permitted by Congress' enactment of the Federal Deposit Insurance Corporation Improvement Act of 1991. *See* Pub.L. No. 102–242, 105 Stat. 2387, Title IV, Subtitle M, § 476 (codified as 15 U.S.C. § 78aa–1 [1991]). This Court must therefore analyze Greenfield's motion to reinstate those two counts.

### I. The Law before *Lampf* and *Beam*

Prior to the Supreme Court's decision in 1991 in *Lampf*, federal courts in the First Circuit were "required to look to the limitations period applicable to the most analogous cause of action under state law." *Slavin v. Morgan Stanley & Co., Inc.*, 791 F.Supp. 327, 331 (D.Mass.1992) (Skinner, J.) (citing *Cook v. Avien, Inc.*, 573 F.2d 685, 694 [1st Cir. 1978]). The First Circuit had ruled that the state law most analogous to Rule 10b–5 and

---

1. The plaintiffs will be referred to collectively as "Greenfield."

2. The defendants will be referred to collectively as "Shuck" after the surname of the first individually-named defendant, Gerald G. Shuck.

section 10(b) actions was Mass.Gen.L. ch. 260, § 2A (1992), the statute governing personal tort actions.[3] *Maggio v. Gerard Freezer & Ice Co.*, 824 F.2d 123, 127 (1st Cir.1987). The three year statute of limitations established by section 2A of chapter 260 would therefore appear to apply to securities violations and Rule 10b–5 actions.

Several district judges, however, have strayed from the First Circuit rule by holding that the Uniform Securities Act, Mass. Gen.L. ch. 110A, § 410(a)(2), is actually the most analogous state law to the federal securities statute. *See, e.g., Austin v. Bradley, Barry & Tarlow P.C.*, 1992 WL 560915, *8 (D.Mass. June 17, 1992) (Skinner, J.); *Alton v. Prudential–Bache Sec., Inc.*, 753 F.Supp. 39, 41 (D.Mass.1990) (Mazzone, J.); *In re Atlantic Fin. Management Inc. Sec. Litig.*, 718 F.Supp. 1003, 1010 (D.Mass.1988) (Skinner, J.); *Gaudette v. Panos*, 644 F.Supp. 826, 836 (D.Mass.1986) (Caffrey, C.J.), *rev'd on other grounds*, 852 F.2d 30 (1st Cir.1988); *Abelson v. Strong*, 644 F.Supp. 524, 532 (D.Mass.1986) (Skinner, J.). Section 410(e) (1972) of chapter 110A provides a two-year statute of limitations.[4] Indeed, in the *Slavin* case cited above, Judge Skinner reiterated his conclusion that Chapter 110A is the most analogous state law. *Slavin*, 791 F.Supp. at 331–32.

There is simply no unanimity within the District of Massachusetts concerning whether a two or three year statute of limitations applies in Rule 10b–5 and section 10(b) cases and the First Circuit has not yet resolved this dispute. Fortunately, this Court can sidestep the debate since the same result is reached in the instant case regardless of which statute of limitations applies.

## II. The Law after *Lampf* and *Beam*

In *Lampf*, the Supreme Court held that a uniform federal statute of limitations should apply to causes of action under section 10(b) and Rule 10b–5. The proclaimed period of limitation is one year from actual discovery of the fraud, and the period of repose is three years from the date of the misrepresentation. *Lampf*, 501 U.S. at 363, 111 S.Ct. at 2782. "The Court rejected the theory of equitable tolling as being 'fundamentally inconsistent' with the one-and-three-year structure." *Slavin*, 791 F.Supp. at 332 (quoting *Lampf*, 501 U.S. at 363, 111 S.Ct. at 2782).

The same day that the Court decided *Lampf*, the Supreme Court held in an unrelated case that when a new rule of law is announced and applied in a given case, it should be retroactively applied to all pending cases. *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991).

On December 19, 1991, Congress responded to the Supreme Court's decisions in *Lampf* and *Beam* by enacting a statute which purports to limit the retroactive effect of *Lampf*. *See* Federal Deposit Insurance Corporation Improvement Act of 1991, *supra*. The statute adds a new section 27A to the Securities Exchange Act of 1934, stating that securities cases commenced on or before June 19, 1991, are subject to the principles pertaining to statutes of limitation that were in effect on June 19, 1991.[5]

---

3. Section 10(b) of the Securities Exchange Act of 1934 is codified at 15 U.S.C. § 78j(b) (1992).

4. Section 410(e) of chapter 110A was amended in 1991 in order to impose a four year statute of limitations. That amendment does not, however, apply to the instant case.

5. The text of section 27A is:

  (a) Effect on pending causes of action
  The limitation period for any private civil action implied under section 78j(b) of this title that was commenced on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the jurisdiction, in-
cluding principles of retroactivity, as such laws existed on June 19, 1991.
  (b) Effect on dismissed causes of action
  Any private civil action implied under section 78j(b) of this title that was commenced on or before June 19, 1991—
    (1) which was dismissed as time barred subsequent to June 19, 1991, and
    (2) which would have been timely filed under the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991,
shall be reinstated on motion by the plaintiff not later than 60 days after Dec. 19, 1991. 15 U.S.C. § 78aa–1.

▉ While several courts have ruled that section 27A is unconstitutional, *see, e.g., Bank of Denver v. Southeastern Capital Group, Inc.,* 789 F.Supp. 1092 (D.Colo.1992) (section 27A violates separation of powers doctrine), *overruled by Anixter v. Home–Stake Productions Co.,* 977 F.2d 1533 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1842, 123 L.Ed.2d 467 (1993); *TGX Corp. v. Simmons,* 786 F.Supp. 587 (E.D.La. 1992) (same), *rev'd sub nom. Pacific Mut. Life Ins. Co. v. First RepublicBank Corp.,* 997 F.2d 39 (5th Cir.1993), *cert. granted sub nom., Morgan Stanley & Co., Inc. v. Pacific Mut. Life Ins. Co.,* —— U.S. ——, 114 S.Ct. 680, 126 L.Ed.2d 648 (1994); *In re Brichard Sec. Litig.,* 788 F.Supp. 1098 (N.D.Cal.1992) (same), other courts have abided by the Congressional mandate and reinstated claims which had been filed prior to June 19, 1991, but had been dismissed pursuant to *Lampf. See, e.g., Adler v. Berg Harmon Assocs.,* 790 F.Supp. 1235 (S.D.N.Y.1992) (section 27A does not violate due process or separation of powers principles). The First Circuit recently upheld the constitutionality of section 27A without discussion, *Co-operativa de Ahorro Y Credito Aguada v. Kidder, Peabody & Co.,* 993 F.2d 269, 273 (1st Cir.1993), and this Court defers to the Congressional mandate and applies section 27A to the instant case, noting the reasons stated in the persuasive opinion of my colleague, Chief Judge Tauro, in *Cannistraci v. Dean Witter Reynolds, Inc.,* 796 F.Supp. 619, 621–22 (D.Mass.1992).

## III. Reinstatement of the Securities Violations Counts

▉ In order to succeed in reinstating any cause of action that has previously been dismissed based on *Lampf,* each plaintiff must satisfy the four requirements that are articulated in section 27A. First, the cause of action must be implied under section 10(b) of the Securities Exchange Act of 1934. Second, the action must have been commenced on or before June 19, 1991. Third, the action must have been timely filed in accordance with the local statute of limitation then in effect. Finally, the motion for reinstatement must be filed within sixty days of December 19, 1991.

In reverse order, Greenfield has no difficulty complying with the fourth prong: the motion for reinstatement was filed on February 14, 1992. The other prongs, however, present more of an obstacle.

### A. Timeliness of Claims Filed

The parties dispute whether the third of the four prongs can be satisfied: were Greenfield's securities claims timely filed under the analogous state limitations and retroactivity provisions as they then stood? In order to answer this question, an analysis of the relevant statutes of limitations is required. If the claims were filed within the time limit imposed by analogous state law, then Greenfield has satisfied the third prong. Otherwise, reinstatement must be denied. Because section 27A directs that the instant case be analyzed free from the otherwise controlling force of the Supreme Court's decisions in *Lampf* and *Beam,* the Court follows the analysis adhered to by the courts of this jurisdiction prior to those decisions.

This Court thus looks to the most analogous state law in order to ascertain the relevant statute of limitations. *Cook v. Avien, Inc.,* 573 F.2d at 694. As noted above, it is unclear whether the most analogous law is section 2A of chapter 260, which has a three year statute of limitations, or section 410(a)(2) of chapter 110A which is, under section (e) of that section, governed by a two year statute of limitations.

It is essential to understand the facts alleged in order to evaluate the timeliness of Greenfield's claims. The last alleged securities violation occurred in July of 1987. Greenfield filed his original Complaint on March 14, 1991. Hence, regardless of whether this Court applies the two or three year statute of limitations, the claims were not timely: they were filed more than three years after the alleged violation, and well beyond the expiration of either statute of limitation.

▉ Greenfield argues, however, that the statute of limitation was tolled by fraudulent concealment. Unlike the courts' reliance on state law to ascertain the relevant statute of limitation, federal law determines when

that statute begins to run and when it is tolled. *Maggio,* 824 F.2d at 127.

Under federal law, the doctrine of fraudulent concealment operates to toll the statute of limitations "where the party injured by the fraud remains in ignorance of it without any fault or want of diligence or care on his part ... until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party" ... Even without affirmative acts on the part of defendants, then, a federal cause of action will accrue at the time when plaintiff in the exercise of reasonable diligence discovered or should have discovered the fraud of which he complains.

*Id.* at 127–28 (quoting *Cook,* 573 F.2d at 694–95) (citations and emphasis omitted).

■■■ As Judge Skinner has explained, the doctrine of fraudulent concealment "applies only if (1) the defendant engaged in fraud or deliberate concealment of material facts relating to his wrongdoing, and (2) the plaintiff failed to discover these facts within the limitations period despite his exercise of due diligence." *Abelson,* 644 F.Supp. at 533. "To invoke this doctrine and toll the statute, each plaintiff must establish that he or she failed to discover the operative facts that are the basis of the cause of action within the limitations period after exercising due diligence to investigate the claim." *In Re Atlantic,* 718 F.Supp. at 1010. The plaintiff bears the burden of establishing that tolling is appropriate. *Id.* at 1011.

In order to establish a tolling of the statute of limitations, Greenfield bears the burden of showing that he exercised reasonable diligence in pursuing his claim. The pleadings before the Court do not resolve this issue. As the First Circuit has explained, "whether a plaintiff should have discovered the fraud 'is an objective question' requiring the court to 'determine if the plaintiff possessed such knowledge as would alert a reasonable investor to the possibility of fraud.'" *Maggio,* 824 F.2d at 128 (citation omitted). Once "sufficient storm warnings" are present which indicate to plaintiffs that they ought investigate the situation, they have been put on

inquiry notice. *Kennedy v. Josephthal & Co., Inc.,* 814 F.2d 798, 802 (1st Cir.1987). Such storm warnings thus trigger the running of the statute of limitations. *See, e.g., Downey v. Vernitron Corp.,* 559 F.Supp. 1081, 1087 (D.Mass.1982); *Abelson,* 644 F.Supp. at 532.

In the instant case, Greenfield claims that the first storm warning occurred on July 27, 1990, when Shuck sent a letter attached to the Fiscal Year 1990 Annual Report to all securities investors (the plaintiffs in this action), admitting that the bank was in deep financial trouble. The contents of this letter and Report were strikingly different from the Fiscal Year 1989 Annual Report. Greenfield argues that Shuck fraudulently concealed these financial difficulties until July 27, 1990, and, therefore, that the statute of limitations was tolled until that date.

Shuck argues, however, that Greenfield should have recognized storm warnings on the horizon much earlier, when he received an Offering Circular. Shuck asserts that there were discrepancies between the bank employees' explanations to the investors and the statements made in those Circulars. These discrepancies, Shuck maintains, put the investors on inquiry notice.

While these arguments present interesting factual issues, the motion to reinstate must necessarily be analyzed as the obverse of a motion to dismiss. That is, all Greenfield's factual allegations must, at this stage, be accepted and all reasonable inferences drawn in his favor. Although some investors may have received the Offering Circulars, those documents were insufficient as matter of law to trigger inquiry notice. The statute of limitations thus appears from the pleadings to have been tolled until July 27, 1990. Accordingly, as a matter of pleading—subject of course to a motion for summary judgment—Greenfield's securities claims were filed in a timely manner. His claims are not barred by the statute of limitations, regardless of whether that statute is two or three years in duration. Greenfield has thus satisfied the third prong of the reinstatement analysis.

## B. The Date the Securities Claims Commenced

The parties also dispute whether the instant action was commenced on or before June 19, 1991. There is no dispute that the original Complaint was filed well before June of 1991, on March 14, 1991. The Complaint was amended once, prior to removal, in the state court. Shuck correctly points out, however, that the securities claims were not included until after the case was removed to federal court (on April 5, 1991), when they appeared in a Second Amendment to Plaintiffs' Complaint filed with this Court on April 12, 1991. On July 15, 1991, Greenfield submitted a Motion to File A Substitute Complaint which incorporated the securities claims as Counts Two and Four. That motion was allowed on August 12, 1991.

 Greenfield contends that the securities claims were properly before this Court as of April 12, 1991, when the two counts were first included in the Complaint. Shuck argues that the securities claims were not properly before this Court until August 12, 1991, when the Court finally allowed Greenfield's Motion to File A Substitute Complaint.

Federal Rule of Civil Procedure 3 states that "a civil action is commenced by filing a complaint with the court." Therefore, this Court rules that the Second Amendment to Plaintiffs' Complaint was effective as of the date it was filed, rather than the later date when this Court finally approved the Substitute Complaint incorporating the proposed amendments. See, e.g., Longo v. Pennsylvania Elec. Co., 618 F.Supp. 87, 89 (W.D.Pa. 1985) ("[t]he timely filing of this Motion to Amend and not the final court approval was sufficient to meet the requirement of Fed. R.Civ.P. 3"), aff'd, 856 F.2d 183 (3d Cir.1988); Donner v. Sulcus Computer Corp., 103 F.R.D. 548, 549 (N.D.Ga.1984) (plaintiff's amendment of his complaint was effective upon filing with the court). Accordingly, Greenfield's Substitute Complaint was effective as of April 12, 1991. Greenfield thus has satisfied the second of the four requirements for reinstatement, the case having been commenced prior to June 19, 1991.

## C. The Implied Causes of Action

 To satisfy the first prong of the reinstatement analysis, the cause of action must be one implied under section 10(b) of the Securities Exchange Act of 1934. Count Two of the original Substitute Complaint is such a claim. As Count Four asserts only aiding and abetting liability, however, it is not one implied from the statutory language. *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* —— U.S. ——, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994). Count Four is thus no longer a viable cause of action and will not be reinstated.

## IV. Conclusion

The Motion to Amend by filing the Third Substitute Complaint is ALLOWED. Count Two of the original Substitute Complaint is hereby reinstated as Count Six of the Third Substitute Complaint. Count Four of the original Substitute Complaint no longer being a viable claim, it is not reinstated.

SO ORDERED.